### IN THE UNITED STATES DISTRICT COURT

### IN AND FOR THE DISTRICT OF DELAWARE

CHARLES A. BROWN,                          :
                                           :      C.A. No. 04-930 KAJ
        Plaintiff,                  :
                                           :
    v.                                 :
                                           :      JURY TRIAL DEMANDED
THE CHURCH INSURANCE CO.,                  :
                                           :
        Defendant.                  :

### MOTION TO QUASH SUBPOENA
### FOR DEPOSITION OF RALPH DURSTEIN, III, ESQUIRE

Defendant, The Church Insurance Company, by and through its counsel, Marshall Dennehey Warner Coleman & Goggin, hereby moves to Quash the Subpoena served by Plaintiff upon Ralph Durstein, III, Esquire and in support thereof avers as follows:

1.     This action arises out of a matter captioned Charles A. Brown v. Capital Management Co. and Cathedral Community Services, Inc., filed by Mr. Brown as a consequence of personal injuries he allegedly sustained on August 23, 1999 after being struck by a fire escape ladder. Cathedral Community Services, Inc. (hereinafter "Cathedral") owned the building to which the fire escape was attached. Capital Management Company (hereinafter "Capital Management") managed the property on which the building is located.

2.     Cathedral tendered its defense in the underlying litigation to its general liability insurance carrier, Church Insurance Company ("Church") and Capital Management likewise tendered its defense in the underlying action to its general liability carrier, Harleysville ("Harleysville").

3.     As the underlying litigation proceeded, the two defendants and their carriers

evaluated the case much differently. Cathedral and Church recognized the case had significant exposure and settled with the plaintiff for $525,000 during mediation. Conversely, Capital Management and Harleysville evaluated a case as one of little or no exposure based on their position that Capital Management owed no duty to provide maintenance services in the area where the accident occurred. Capital Management and Harleysville therefore offered only $25,000 at mediation prior to trial.

4.    A jury trial commenced on September 10, 2001 which resulted in a verdict in the amount of $2.25 million against Cathedral and Capital. The jury found both defendants negligent, apportioning 60% of the liability to Capital Management and 40% to Cathedral. Therefore, Capital was found liable for $1.35 million of the jury award and Cathedral, had it not settled prior to trial, would have been responsible to pay $900,000 of the award.

5.    On or about September 7, 2001, a few days before the trial, Capital Management abruptly tendered its defense from its own carrier, Harleysville to Church Insurance Company. Capital Management took the position that the Church policy issued to Cathedral covered Capital Management as an additional insured and was primary to the coverage afforded by Harleysville. Capital Management's tender of its defense to Church came:

- After two years of litigation, during which time Church had settled the claims against it's named insured for $525,000;

- After Capital Management's defense had been controlled by Harleysville for almost two years, during which Capital Management and Harleysville evaluated the case as one of very little exposure;

- After Capital Management offered no more than $25,000 in a case where the ultimate judgment against Capital Management was $1.3

million; and

- At a time (a few days before trial) when Church Insurance Company would have had not meaningful opportunity to properly defend Capital Management.

6.     Given Capital Management's violations of the Notice provision of the applicable insurance policy and irreparable prejudice suffered by Church as a consequence, Church denied Capital Management's tender of its defense.

7.     Following judgment in plaintiff's favor, plaintiff instituted a declaratory judgment action in the Superior Court of Delaware captioned *Charles Brown v. Harleysville Insurance Co., Church Insurance Co.*, and National Union Fire Insurance Co., seeking to recover on his judgment. The central dispute among the insurance carriers in the declaratory judgment action is whether Capital Management was entitled to a defense and indemnity from The Church Insurance Company policy issued to Cathedral. On that point, the Church policy included as an "additional" (i.e., not "named") insured any entity fitting the description of "real estate manager". Capital/Harleysville contended that it was the "real estate manager" at the subject property and therefore entitled to a defense and indemnity under the Church policy issued to Cathedral. There has never been any reasonable contention that Capital Management was a "named insured" under the policy.[1] After the Supreme Court of Delaware (in it's opinion on the appeal of the personal injury litigation) referred to Capital Management as the "real estate manager," Church Insurance Company withdrew it's coverage defense relating to whether Capital Management could, in fact, be considered a "real estate manager" under the policy. However, Church Insurance Company

---

[1] While not relevant for purposes of the subject Motion, plaintiff's Complaint contends that the representation made by Church's counsel that "Capital Management Company was not named as an additional insured on any policy in effect on the date of the August 23, 1999 accident" was "deceptive". In fact, this representation was absolutely correct.

continued to rely upon the Notice defense set forth above.

8.    On June 14, 2004, the parties in the underlying declaratory judgment action filed Motions for Summary Judgment seeking a determination concerning the carriers' respective obligations to pay the personal injury judgment in plaintiff's favor. The Honorable Richard R. Cooch of the Superior Court of Delaware heard oral argument on these Motions on July 30, 2004 and a decision is pending.

9.    On August 26, 2004, plaintiff filed this action alleging that (1) The Church Insurance Company's failure to apprise plaintiff of his entitlement to Medical Payments coverage under the Church policy violated the Delaware Insurance Fraud Prevention Act (DIFPA), 18 Del. C. §§ 2401-2415; and (2) that The Church Insurance Company's defense of the underlying litigation in failing to accept coverage on behalf of Capital Management constituted "bad faith".

10.    The Church Insurance Company has filed a Motion to Dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (See Docket Sheet, Docket Entry No. 16).

11.    On or about October 14, 2004, plaintiff filed a Notice to conduct the deposition Ralph K. Durstein, III, Esquire (Docket Sheet, Docket Entry No. 13). The deposition of Mr. Durstein was thereafter postponed.

12.    The Court conducted a tele-scheduling conference on January 27, 2005 permitting discovery to proceed notwithstanding the pendency of the Motions.

13.    Plaintiff thereafter served a Subpoena for deposition of Mr. Durstein to take place on March 23, 2005. (See, Docket Entry Nos. 42, 44, 45).

14.    The information plaintiff's counsel seeks from Mr. Durstein are communications between Mr. Durstein and the Church Insurance Company, which communications are clearly protected from the attorney-client privilege inasmuch as Mr. Durstein was retained by the

Church Insurance Company in connection with the underlying personal injury action. *Tacket v. State Farm Fire and Casualty Ins. Co.*, 653 A.2d 254, 262 (1995). Defendant recognizes that discovery should not be stayed during the pendency of the Motions and that the Court has specifically permitted the parties to proceed with discovery.

15.    Nevertheless, the information plaintiff self-evidently seeks from the deposition of Mr. Durstein (as set forth in the Subpoena attached as Exhibit "A") is clearly protected from disclosure by the attorney-client privilege, such that permitting the deposition to proceed would cause undue prejudice to defendant, the Church Insurance Company. Further, the Church Insurance Company, as the client, is the holder of the privilege and therefore has standing to move to quash the Subpoena.

**WHEREFORE**, it is respectfully requested that this Honorable Court issue an Order quashing the subpoena served by plaintiff upon Ralph Durstein, III, Esquire.

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

Date: _____

BY: _____
        J. SCOTT SHANNON, ESQUIRE (No. 3434)
        DANIEL A. GRIFFITH, ESQUIRE  (No. 4209)
        1220 North Market Street, 5th Floor
        P.O. Box 8888
        Wilmington, DE 19899-8888
        (302) 552-4317
        Email: dgriffith@mdwcg.com

\15_A\LIAB\DAG\LLPG\275706\JVM\03080\00106

## CERTIFICATE OF SERVICE

I, **J. SCOTT SHANNON**, hereby certify that on this _____ day of _____ ,

2005, caused two (2) copies of the foregoing **MOTION TO QUASH SUBPOENA FOR**

**DEPOSITION OF RALPH DURSTEIN, III, ESQUIRE** to be served via Electronic Online

Filing Service , on counsel for the parties at the following address:


Stephen B. Potter, Esquire
Potter, Carmine & Leonard, P.A.
840 North Union Street
P.O. Box 514
Wilmington, DE 19899


**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

BY:_____
   J. SCOTT SHANNON, ESQUIRE (No. 3434)
   DANIEL A. GRIFFITH, ESQUIRE (No. 4209)
   1220 North Market Street, 5th Floor
   P.O. Box 8888
   Wilmington, DE 19899-8888
   (302) 552-4317
   Email: dgriffith@mdwcg.com