IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES BROWN, | : |
| Plaintiff, | : |
| | : C.A. No. 04-930 KAJ |
| v. | : |
| | : JURY TRIAL DEMANDED |
| THE CHURCH INSURANCE COMPANY, | : |
| Defendant. | : |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO QUASH SUBPOENA FOR DEPOSITION
OF RALPH DURSTEIN, III, ESQUIRE**

Plaintiff, by and through Counsel, hereby moves this Honorable Court for an Order denying Defendant's Motion to Quash Subpoena for the deposition of Ralph Durstein, III, Esquire. The grounds thereof are as follows:

1. Plaintiff filed this Complaint on or about August 26, 2004, alleging fraudulent conduct and bad faith by The Church Insurance Company ("Church") for concealing and/or misrepresenting coverage under a policy issued by Church to Cathedral Community Services ("Cathedral"). Specifically, Brown contends that Church, with intent to defraud and deceive Brown, willfully and purposefully misrepresented and concealed provisions of coverage in the applicable policy, including medical payments coverage and coverage of the real estate manager (as an additional insured) of a property owned by Cathedral and refused, in bad faith, to pay a judgment against its insured, Capital Management Company (the real estate manager).

2. On March 24, 2005, the Honorable Richard R. Cooch issued an Opinion in a separate but related litigation underlying this current lawsuit as follows:

"On June 1, 1994, Cathedral entered into a written contract with Capital, whereby Capital agreed to manage and maintain certain properties owned by Cathedral."[1] These properties included 2001 North Market Street where Brown was injured. (Citations omitted). "Although the written contract expired in 1995, Capital continued to manage Cathedral's propert[ies]." At trial, the jury found that even after the contract had expired, "Capital had agreed to assume the duty to maintain the exterior of 2001 North Market Street and . . . the Wilmington City Code required [Capital] to maintain the fire escape [for Cathedral]." (Citations omitted).

"On August 23, 1999, the Plaintiff, Charles Brown, was standing underneath an exterior fire escape attached to the side of 2001 North Market Street. Brown touched the bottom of the fire escape ladder, and the ladder section fell striking Brown on the head. He suffered a compound, comminuted, depressed skull fracture. The ladder section fell because of a supporting metal cable, which was severely corroded, broken, releasing the ladder and a counterweight.

On October 21, 1999, Brown filed a personal injury action against Capital and Cathedral. Capital answered the Complaint, and asserted a cross-claim against Cathedral for contribution and indemnification. Brown ultimately settled his claim for $525,000 against Cathedral and signed a joint tort feasor release. Although Capital continued to maintain its cross-claim against Cathedral, Cathedral chose not to contest the cross-claim, and ceased participating in the litigation. The case went to trial on September 10, 2001.

On September 14, 2001, the jury returned a verdict in favor of Brown. The jury apportioned liability 60% against Capital and 40% against Cathedral, and awarded Brown damages in the amount of $2,250,000."[2]

As part of the underlying litigation regarding the coverage issue of Church for its additional insured, the real estate manager, Capital, Brown filed a Motion to Compel in the Superior Court seeking production of the claims adjustor's file, including documents contended by Church to be privileged. (Ex. A-3-4).

3. In the separate but related litigation of Brown v. The Church Insurance Company, et al, C.A. No. 02C-06-196-RRC, Brown moved to compel the production of forty-one documents that

---

[1] Capital Management Company v. Brown, 813 A.2d 1094, 1095 (Del. 2003).

[2] Brown v. Church Insurance Company, et al, Del.Super., C.A. 99C-10-210, Cooch, J. (Nov. 17, 2003) (ORDER).

Church contended were privileged communications between Church and its various Counsel. (Ex. B-6). Following oral argument on the Motion to Compel the production of the documents, Church produced the documents for an *in camera* review by the Court. On June 3, 2004, Commissioner Reynolds issued an Opinion and Order requiring Church to produce five of the documents which included:

"1.   Letter to Ralph K. Durstein from Lindgren, Nov. 19, 1999 [Log #2].

2.   Letter to Ralph K. Durstein, Esquire, from Donald C. Taylor, showing a copy of M. Lindgren, Nov. 22, 1999 [Log #3].

3.   Letter to Mike Lindgren from Daniel P. Bennett, Esquire, Jan. 9, 2001 [Log #6] (privileged portions redacted].

4.   M. Lindgren's handwritten notes re meeting with defense counsel, undated. [Log #34].

5.   Letter to Mike Lindgren from Tracy A. Burleigh, Esquire, September 6, 2001 [Log #40]." (Ex. B-25-26).

4.   It is undisputed that in the underlying litigation of <u>Brown v. Cathedral Community Services and Capital Management Company</u>, that Cathedral, owner of the building, never disclosed the medical payments coverage provision of the insurance policy nor did it disclose that the real estate manager, Capital Management Company, was an additional insured under the policy. The complete litigation file of Ralph Durstein, III, Esquire is relevant and material to this litigation. Further, the documents that the Superior Court compelled Church produce are correspondence between Counsel for Cathedral and Church. Those letters specifically document Cathedral's awareness of Capital Management Company's coverage under Cathedral's policy with Church. Moreover, a January 9, 2001, letter from Daniel Bennett, Esquire, then Counsel for Cathedral, to Mike Lindgren, senior claims supervisor of Church, referred to correspondence by Mr. Durstein in November of 1999 to Church putting Church on notice of Church's duty to defend Capital

Management Company. (Ex. C-27).

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that this Court enter an Order denying Defendant's Motion to Quash Subpoena for Deposition of Ralph Durstein, III, Esquire.

                              POTTER, CARMINE & AARONSON, P.A.

                              */s/ Stephen B. Potter*
                              STEPHEN B. POTTER, ID #298
                              840 N. Union Street
                              Wilmington, DE  19899
                              (302) 658-8940
                              Attorney for Plaintiff

DATED:      April 7, 2005